IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DERRICK BILLINGS                                                                      PETITIONER

v.                              NO. 2:06CV00065 JLH/HDY

LINDA SANDERS, Warden, FCI                                                     RESPONDENT
Forrest City, Arkansas

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, Arkansas 72201-3325

DISPOSITION

Petitioner Derrick Billings ("Billings") represents that he was convicted of distributing a controlled substance and possessing a firearm during, and in relation to, a drug trafficking offense. He represents that he was sentenced in the United States District Court for the Northern District of Alabama to thirty months in the custody of the Federal Bureau of Prisons ("BOP"). At some point thereafter, he came to be housed at FCI Forrest City, Arkansas.

Billings commenced the proceeding at bar in March of 2006 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In his petition, he challenged a BOP policy adopted in February of 2005 ("February of 2005 policy") that governed the placement of BOP inmates in Residential Reentry Centers ("RRC"). He represented that he is "tentatively scheduled for [a] [t]ransfer to a [RRC] on [February 12, 2007], which will only permit him about [seventy-eight] days of [RRC] time." See Document 1 at 2. Billings has, however, "requested that he be considered for additional [RRC] placement …" See Document 1 at 2. In his petition, he asked the Court to order the following:

> … declare the BOP's February 15, 2005, policy invalid, and to direct respondent to transfer petitioner to a [RRC] for at least the final six months of his sentence, and in any event, to bar the retroactive application of the policy to petitioner, …

See Document 1 at 9.

Respondent Linda Sanders ("Sanders") filed an answer to the petition in April of 2006. She represented that in light of the decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the BOP is "currently modifying its procedures for institutions within the Eighth Circuit." She additionally represented the following:

> Petitioner will be evaluated for RRC placement, utilizing the procedures outlined in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998. This is the policy used by the BOP prior to the December 2002 OLC opinion and the February 2005 regulations, which spurred such litigation. Respondent will be basing RRC recommendations on statutory (18 U.S.C. 3621(b)), correctional, and population management interests, e.g., length of sentence, serious of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc. Consistent with Program Statement 7310.04, recommendations regarding RRC placement will occur 11 to 13 months before the inmate's projected release date.
>
> ... Respondent respectfully requests that the petition be dismissed as moot. Respondent will evaluate and subsequently recommend Petitioner for RRC placement based on the factors listed above.

See Document 7 at 1-2.

As both parties note, the United States Court of Appeals for the Eighth Circuit addressed the propriety of the February of 2005 policy in Fults v. Sanders. In that decision, the Court of Appeals found the policy to be invalid, which is in large part the relief Billings seeks in this proceeding. Given that finding, and given Sanders' representation that Billings will be evaluated for placement in a RRC pursuant to the policy in effect prior to the adoption of the February of 2005 policy, the undersigned

recommends that Billings's petition be dismissed as moot. He has obtained most of the relief he sought in his petition, i.e., he will be evaluated for placement in a RRC pursuant to the policy in effect prior to the adoption of the February of 2005 policy. It is true that he also asked the Court to "direct [Sanders] to transfer [him] to a [RRC] for at least the final six months of his sentence," see Document 1 at 9, but he has not shown that the Court can so direct Sanders. Judgment should be entered for Sanders.

DATED this __18__ day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE